## THE PEOPLE *vs.* J. W. LILLY.

The direction in § 2, *S. L.* 1859, *p.* 392, to the prosecuting attorney to endorse on the inform a-tion the names of witnesses known to him at the time of filing the same, is for the ben e fi t of the defendant, and therefore mandatory.

Such endorsement is no part of the body of the information, and may be waived by th e defendant.

Where no names are endorsed, the defendant may move to have it done before pleading.

Where witnesses names are endorsed, it will be presumed the prosecuting attorney has don● his duty.

Should the prosecuting attorney call a witness whose name is not on the information, dur i n g the trial, the defendant may object to his being sworn; but this objection is addresse d t the discretion of the Court.

Where the witness called, testified before the examining magistrate, and the defendant di d not claim he had omitted to make that preparation for trial which he would have d o n e had his name been endorsed, the objection was denied.

The prosecuting attorney, with leave of the Court, may endorse their names on the infor m a-tion at any time.

*Cass Circuit,* 1870.

*Howard & Sullivan* for Defendant.

*Miller* for the State.

The prisoner being on trial for larceny, the prosecution call ed *E. F. Howe* as a witness.

*Howard,* for defendant, objected to his being sworn, beca use his name was not endorsed, with the other witnesses, upon the information.

In the case of the *People vs. Van Buren* no names of witnesses were endorsed, and *Smith,* the defendant's attorney, was also heard.

*Miller* stated it had not been the practice in Cass Circuit to endorse names of the witnesses, and asked leave to do so, on b oth informations, and cited 25 *N. Y.—Dawson's* case.

It appeared Howe testified before the examining magistra te.

*By the Court,* BLACKMAN, J.—The provision contained in § 2 , *Act* 138, *S. L.* 1859, was no doubt incorporated into this law

from § 6028, *C. L.* It requires that the prosecuting attorney shall endorse the names of witnesses known to him upon the information.

In both cases it was prescribed that the defendant might be fairly " confronted with the witnesses against him," and prepare for his trial; and although in the form of a direction to the officers of the court, and no part of the information or indictment, and prescribing no penalty for its neglect, yet being of essential benefit to the defendant, must be held mandatory on the attorney. Being for the defendant's benefit, he may waive the endorsement. After the information is filed, it is subject to the inspection of the prisoner and his counsel, and if he pleads thereto without requiring such indorsement he must be held to have waived the indorsement which should have been made before filing. If no names are thus indorsed the information is not prepared for filing, and if filed may be taken from the files or the attorney ordered to indorse according to the circumstances. In this stage, viz: before pleading, the proper course would be an order *nisi.*

Where names are indorsed it is to be presumed the attorney has done his duty and will call no others. Should he call others, there is no other remedy left the defendant but to object to their being sworn.

The ground of objection is not want of competency in the witness, but neglect of duty by the attorney, and the consequent surprise and want of preparation by the defendant. Such objections are addressed to the discretion of the Court. For these reasons the objection of Lilly is denied and the attorney has leave to indorse the information *vs.* Van Buren.